USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-17-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHAWN COOPER,

                Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------x

13-cv-7590 (PKC)(JLC)

MEMORANDUM
AND ORDER

CASTEL, U.S.D.J.

        Plaintiff Shawn Cooper, proceeding pro se, brings this action against the City of New York, Deputy Commissioners Brandley and Stokes of the New York City Department of Correction ("DOC"), Captains Panye and Morris of DOC, Detective Investigator Young of DOC, and Correction Officer Kriton of DOC. Plaintiff alleges that defendants violated his constitutional rights by placing him in a segregated housing unit reserved for members of the Crips gang even though he had no gang affiliation. Reading the Complaint generously, it purports to assert a claim pursuant to 42 U.S.C. § 1983 for deliberate indifference to a serious risk of harm under the Eighth Amendment, and for violation of procedural due process rights under the Fourteenth Amendment. Plaintiff seeks declaratory and injunctive relief in addition to compensatory and punitive damages.

        Defendants moved to dismiss the Complaint and plaintiff has not responded to the motion despite an opportunity to do so. For reasons to be explained, defendants' motion to dismiss is granted. Plaintiff fails to state a claim for deliberate indifference to inmate safety because he does not allege a substantial risk of serious harm. He also fails to state a claim for deprivation of due process because he does not possess a liberty interest in his inmate

*mailed to last known address*
*10/17/14*

classification or housing transfer.  Also, plaintiff fails to plausibly allege a basis for municipal liability on the part of the City of New York.  Further, plaintiff's release from custody renders moot his claims for injunctive and declaratory relief.  Finally, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, precludes plaintiff from recovering compensatory damages because he fails to allege actual physical injury.

BACKGROUND

Plaintiff was incarcerated at the Otis Bantum Correctional Center ("OBCC") on Rikers Island.  (Compl. ¶ 3.)  On June 7, 2013, he was transferred by defendant Kriton to a segregated housing unit reserved for members of the Crips gang (id. at ¶ 13), despite having no affiliation with any prison or street gang. (Id. at ¶ 11.)  Plaintiff states that this housing transfer places his life in danger because he will be mistaken as a member of the Crips gang (id. at ¶ 14), which is particularly dangerous since Rikers Island is "practically controlled by the dominant Blood gang." (Id. at ¶ 18.)  Plaintiff either spoke with or filed a formal complaint with each of the named DOC officers regarding the risk of personal harm resulting from being housed with the Crips, but none of the defendants took action or provided plaintiff with an explanation for his placement. (Id. at ¶¶ 14–17.)  As a result of being housed with the Crips, plaintiff claims he experienced "pain, suffering, extreme emotional distress, fear, and deprivation." (Id. at ¶¶ 21–26.)  Plaintiff does not allege that he was physically injured, attacked, or threatened while in custody at OBCC.

Plaintiff filed this action on October 28, 2013. (Docket No. 2.)  He purports to allege violations of his rights under the Eighth, Ninth, and Fourteenth Amendments. (Compl. ¶¶ 1, 21–26.)  Plaintiff seeks a declaratory judgment that his housing arrangement was unconstitutional, injunctive relief ordering defendants to cease housing non-gang members in

Crips housing units, and $200,000 in compensatory and $300,000 in punitive damages. (Id. at § VII.)

Defendants move to dismiss this action for failure to state a claim for relief. (Docket No. 16.) According to defendants, the motion was served on plaintiff at the address identified in his Complaint; however, the motion was returned to defendants and the DOC subsequently informed defendants that plaintiff had been released from custody on January, 24, 2014. (Docket No. 19.) Plaintiff has not provided defendants or the Court with an updated address.

LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "'Labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 555). In considering a Rule 12(b)(6) motion to dismiss, all non-conclusory factual allegations are accepted as true, see id. at 678–79, and all reasonable inferences are drawn in favor of the plaintiff. See In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (per curiam). Moreover, plaintiff's pro se pleadings are given a liberal and generous construction and are read "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted).

DISCUSSION

I. Plaintiff Fails to State a Claim Pursuant to Section 1983

To state a claim under section 1983, a plaintiff must allege that state officials, acting under color of state law, deprived him of a right guaranteed to him by the Constitution or federal law. 42 U.S.C. § 1983; see Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.1996). Plaintiff's Complaint, construed liberally to raise the strongest arguments it suggests, fails to state a claim under section 1983.

i. Plaintiff Fails to State a Claim for Deliberate Indifference to Inmate Safety

The Eighth Amendment protects prisoners from cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). [1] This constitutional requirement has been construed to reach the situation where a prisoner is injured as a result of deliberate indifference to the inmate's safety. See id. at 832–34.

The Eighth Amendment imposes duties on prison officials, who must provide "humane conditions of confinement," including taking "reasonable measures to guarantee the safety of the inmates." Id. at 832 (internal quotation marks omitted). In particular, prison officials have a duty to protect prisoners from inmate-on-inmate violence. Id. at 833. Not "every injury suffered by one prisoner at the hands of another," however, "translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. A prisoner establishes a violation of the Eighth Amendment only if he satisfies two requirements. First, the plaintiff must establish that his injury has been objectively "sufficiently serious" to have denied him "the

---

[1] The Complaint is less than clear whether plaintiff was a convicted prisoner or a pretrial detainee. Plaintiff's claim of deliberate indifference to inmate safety would be analyzed under the Eighth Amendment if plaintiff were a convicted prisoner and under the Due Process Clause of the Fourteenth Amendment if he were a pretrial detainee. Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). In either case, the standard is the same. Id. at 72. Claims of prison officials' deliberate indifference to the safety of a prisoner are "analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." Id.

minimal civilized measure of life's necessities." Id. (internal quotation marks omitted).  Second, the prison official must have had a "sufficiently culpable state of mind," that is, "deliberate indifference to inmate health or safety." Id. (internal quotation marks omitted).

To satisfy the first requirement, "[f]or a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. While an actual physical attack is not required to demonstrate a substantial risk of serious harm, mere fear of an assault is insufficient to state a claim for an Eighth Amendment violation. See Cruz v. Hillman, 01 CIV. 4169, 2002 WL 31045864, at *8–9 (S.D.N.Y. May 16, 2002) ("Fear of assault does not constitute a 'sufficiently serious' injury sufficient to state a claim under the Eighth Amendment."); Green v. City of N.Y. Dep't of Corr., No. 06 Civ. 4978, 2008 WL 2485402, at *6 (S.D.N.Y. June 19, 2008) (holding that a prisoner's allegation of death threats, absent a claim that physical harm actually existed or was imminent, was insufficient to constitute a substantial risk of serious harm under the Eighth Amendment).

Here, plaintiff fails to plausibly allege that he suffered an injury or was exposed to a substantial risk of harm that, objectively, was sufficiently serious.  Although plaintiff alleges in a conclusory manner that his housing transfer placed "his life in danger" (Compl. ¶ 14), the only harm that he claims he actually suffered was "pain, suffering, extreme emotional distress, fear, and deprivation." (Compl. ¶¶ 21–26.)  Plaintiff has not alleged that he suffered any physical harm or received any specific threat as a result of his placement, nor has he claimed that any inmate actually perceived him to be a member of the Crips gang.  Plaintiff has failed to sufficiently allege the objectively serious harm—or substantial risk of serious harm—required to state a claim of deliberate indifference to inmate safety.

Further, though plaintiff does not specify whether he was a convicted prisoner or a pretrial detainee during the relevant period, his claim fares no better when construed under the Due Process Clause of the Fourteenth Amendment, which pertains to pretrial detainees. Generally, the Due Process Clause does not confer an affirmative right to governmental aid. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 196 (1989).  Thus, "[a]s a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Id. at 197.

An exception to this rule, known as the "state-created danger" doctrine, provides that a substantive due process claim arising out of private harm may be stated if the state or its agents "in some way had assisted in creating or increasing the danger to the victim." Matican v. City of N.Y., 524 F.3d 151, 155 (2d Cir. 2008) (quoting Dwares v. City of N.Y., 985 F.2d 94, 99 (2d Cir. 1993).  However, plaintiff may only state a claim under this exception if he alleges that he suffered from an act of violence. See Rosado v. Herard, 12 CIV. 8943, 2014 WL 1303513 at *11 (S.D.N.Y. Mar. 25, 2014) (holding that pretrial detainee's due process claim based on the state-created danger theory is dismissed because plaintiff failed to allege that he was the victim of a violent act).  Because plaintiff does not claim to have suffered from any violent act, he fails to state a claim under the Fourteenth Amendment based on a theory of state-created danger.

As such, plaintiff's claim for deliberate indifference to inmate safety, whether construed under the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment, must be dismissed.

ii. Plaintiff Fails to State a Claim for Deprivation of Procedural Due Process

Plaintiff also fails to state an actionable claim for deprivation of procedural due process under the Fourteenth Amendment, even when the Complaint is construed to assert the

strongest possible constitutional claim it can suggest.  Plaintiff appears to assert that his misclassification as a gang member and his transfer to the Crips designated housing unit without any explanation violated his procedural due process rights.  To succeed on a procedural due process claim, a plaintiff must establish that (1) he possessed a liberty interest, and (2) defendants deprived him of that interest through insufficient process. Ortiz v. McBride, 380 F.3d 649, 654 (2d Cir. 2004).  "Liberty interests protected by the Fourteenth Amendment may arise from two sources–the Due Process Clause itself and the laws of the States." Hewitt v. Helms, 459 U.S. 460, 466 (1983).

A prisoner's administrative classification does not give rise to a protected liberty interest under the Due Process Clause. Id. at 468; see also Walker v. City of N.Y., 11 CIV. 9611, 2012 WL 3037308, at *2 (S.D.N.Y. July 25, 2012) ("prison officials have 'full discretion' to control conditions of confinement, which include prisoner classification, and prisoners have 'no legitimate statutory or constitutional entitlement sufficient to invoke due process' in connection with such conditions." (quoting Pugliese v. Nelson, 617 F.2d 916, 923 (2d Cir. 1980)).  The transfer of an inmate within a prison population or between prisons also fails to involve an interest independently protected by the Due Process Clause. Covino v. Vermont Dep't of Corr., 933 F.2d 128, 129 (2d Cir. 1991) (" '[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons' is not a right protected by the due process clause itself." (quoting Hewitt, 459 U.S. at 468)).  Thus, the Due Process Clause does not directly provide plaintiff with a liberty interest in his housing assignment or inmate classification.

The Court next considers whether plaintiff raises a state-created liberty interest actionable under the Fourteenth Amendment. See Arce v. Walker, 139 F.3d 329, 334 (2d Cir. 1998).  States may confer liberty interests on prisoners through statues or regulations. Id.

Plaintiff has not cited any state statute, regulation, or rule that arguably creates a liberty interest. Judges of this District have analyzed relevant New York statues and regulations and determined that they do not give rise to a protectable liberty interest regarding the administrative classification of inmates. See Walker v. Shaw, 08 CIV. 10043, 2010 WL 2541711, at *11–17 (S.D.N.Y. June 23, 2010) (holding that 40 RCNY § 1-02(e), regulations that set forth procedures for administrative classification, do not create an actionable liberty interest in the classification of inmates); Adams v. Galletta, 96 CIV. 3750, 1999 WL 959368 at *5 (S.D.N.Y. Oct. 19, 1999) ("The laws and regulations applicable to the classification of prisoners in the custody of the New York City DOC provide substantial discretion to the DOC and do not create a liberty interest."); Korkala v. N.Y.C. Dep't of Corr., 84 CIV. 5740, 1986 WL 9798 at *3–6 (S.D.N.Y. Sept. 4, 1986) (dismissing due process claim of a prisoner wrongly classified as a maximum security inmate because of the lack of a protectable liberty interest).  The court in Walker dismissed the due process claims of a prisoner who alleged he was misclassified as a Bloods gang member and placed in a Crips cell block because the court determined that the plaintiff lacked a liberty interest. Walker, 2010 WL 2541711, at *4–6.  This Court concludes that plaintiff's classification and housing placement similarly do not invoke a state-created liberty interest enforceable under the Fourteenth Amendment.  Because neither the Fourteenth Amendment independently nor New York law accords plaintiff a liberty interest in his classification as a gang member or his housing transfer, his due process claim must be dismissed.

II. Plaintiff Fails to State a Claim for Municipal Liability

Even if plaintiff had stated an actionable claim, the Complaint fails to adequately allege a basis for municipal liability against the City of New York.  The City may be liable under section 1983 when the alleged unlawful action was implemented or executed pursuant to a

governmental policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978); accord Reynolds v. Giuliani, 506 F.3d 183, 190 (2d Cir. 2007). Moreover, "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation" must be established. City of Canton v. Harris, 489 U.S. 378, 385 (1989).

The Complaint fails to plausibly allege any policy, custom, or practice of the City that caused his injuries. While plaintiff alleges that DOC follows a policy of housing Crips in segregated housing units (Compl. ¶ 12), he does not allege any policy of misclassifying inmates as gang members or of housing non-gang members in units designated for gang members. Failing to identify a specific policy or to allege facts plausibly suggesting that enforcement of such a policy caused his injuries, the Complaint does not contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Therefore, plaintiff's claims against the City of New York must be dismissed.

### III. Plaintiff's Release from Custody Moots his Claims for Declaratory and Injunctive Relief

There is an independent basis for dismissing plaintiff's claims seeking declaratory and injunctive relief. Because he is no longer in custody, his claims for declaratory and injunctive relief are moot. A plaintiff is required to have a personal stake in the litigation. Muhammad v. City of N.Y. Dep't of Corr., 126 F.3d 119, 122–23 (2d Cir. 1997). If " 'parties lack a legally cognizable interest in the outcome' of a case, it is moot and the federal courts lack jurisdiction." Id. (quoting County of L.A. v. Davis, 440 U.S. 625, 631 (1979). When a prisoner is released from custody he no longer possesses a continuing personal stake in the outcome of his claims for declaratory and injunctive relief. See, e.g., Khalil v. Laird, 353 F. App'x 620, 621 (2d Cir. 2009).

Plaintiff was released from custody on January 24, 2014 (Docket No. 19), and thus no longer has a stake in his housing placement. Plaintiff's claims for a declaratory judgment stating that his housing transfer was unconstitutional and for injunctive relief barring defendants from housing non-gang members in Crips housing units have been rendered moot.

IV. The Prison Litigation Reform Act Precludes Plaintiff from Recovering Compensatory Damages

The PLRA precludes plaintiff from seeking compensatory damages in this case. It states in relevant part: "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see also Thompson v. Carter, 284 F.3d 411, 417 (2d Cir. 2002) ("plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury."). Plaintiff does not allege that he suffered any physical injuries as a result of his housing placement, but instead asserts that he suffered "pain, suffering, extreme emotional distress, fear, and deprivation." (Compl. ¶¶ 21–26.) Because plaintiff has not alleged that he suffered any physical injury in connection with defendants' alleged infliction of emotional distress, his claims seeking compensatory damages for mental or emotional injuries must be dismissed under the PLRA.

CONCLUSION

For the reasons outlined above, defendants' motion to dismiss is GRANTED. The Clerk shall enter judgment for the defendants. Counsel for defendants shall provide plaintiff with copies of all unreported decisions cited herein. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 16, 2014